Mr. Robert H. Berntsson Punta Gorda City Attorney City Hall 326 West Marion Avenue Punta Gorda, Florida 33950-4492
Dear Mr. Berntsson:
On behalf of the Punta Gorda City Council, you ask substantially the following question:
May a municipality require an office of a state agency to apply for an occupational license?
While you recognize that the city may not impose an occupational license tax on a state agency, you inquire whether the city may still require such state agency to obtain an occupational license from the city.
Section 205.042, Florida Statutes, authorizes the governing body of a municipality to levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.[1] The statute provides that the occupational license tax may be levied on:
"(1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction.
(2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
(3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the license tax is not prohibited by s. 8, Art. I of the United States Constitution."[2]
For the purposes of the statute, a "[p]erson" means "any individual, firm, partnership, joint adventure, syndicate, or other group or combination acting as a unit, association, corporation, estate, trust, business trust, trustee, executor, administrator, receiver, or other fiduciary, and includes the plural as well as the singular."[3] The above definition does not appear to encompass state agencies.[4]
Moreover, the state and its agencies are not ordinarily considered to be within the scope of a statute unless the intention to include them is clearly manifested.[5] As this office has previously stated, "[t]he government, whether federal or state, and its agencies are not ordinarily to be considered as within the purview of a statute, however general and comprehensive the language of [an] act may be, unless [the] intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication."[6]
While municipalities have been granted broad home rule powers,[7] such powers do not include the authority to levy taxes or to provide exemptions therefrom.[8] Rather, a municipality must rely upon specific constitutional or statutory authority to exercise taxing powers. Thus, this office in Attorney General Opinion 90-25 stated that the issuance of occupational licenses and the collection of license taxes are matters that are the exclusive prerogative of the Legislature pursuant to ArticleVII, sections 1(a) and 9(a), Florida Constitution, as implemented by Chapter 205, Florida Statutes. While the Legislature has granted municipalities the authority to levy occupational license taxes for the privilege of engaging in or managing businesses, professions, or occupations within its jurisdiction, a municipality does not have the authority to alter the terms of that statute.[9]
In light of the above, I am of the opinion that a municipality may not require an office of a state agency to apply for and obtain an occupational license.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, s. 205.022(1), Fla. Stat., defining a "[l]ocal occupational license" as the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.
[2] Section 205.042, Fla. Stat.
[3] Section 205.022(3), Fla. Stat.
[4] Cf., s. 205.022(6), Fla. Stat., stating that "[b]usiness," "profession," and "occupation" do not include the customary religious, charitable, or educational activities of nonprofit religious, nonprofit charitable, and nonprofit educational institutions in this state.
[5] See, 3 Sutherland Statutory Construction s. 62.01 (4th ed. 1974); and State v. Peninsular Telephone Company, 75 So. 201 (Fla. 1917) (city or county, being a governmental as well as corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of former s. 364.01, Fla. Stat., providing for the regulation of telegraph and telephone companies by the former railroad commission).And see, Duval County v. Charleston Lumber Manufacturing Company,33 So. 531 (Fla. 1903); City of St. Petersburg v. Carter, 39 So.2d 804
(Fla. 1949); Ops. Att'y Gen. Fla. 74-261 (1974), 80-68 (1980) and 80-100 (1980).
[6] See, Op. Att'y Gen. Fla. 83-42 (1983) (general doctrine applies with special force to statutes under which liabilities would be imposed on the government). Accord, Ops. Att'y Gen. Fla. 61-70 (1961), 71-75 (1971), 74-113 (1974), 78-41 (1978) and 87-29 (1987) (The state and its agencies are not considered as within the purview of a statute, however, general or comprehensive the language of such statute may be, unless an intention to include them is clearly manifested).
[7] See, s. 166.021, Fla. Stat., and Art. VIII, s. 2(b), Fla. Const. 
[8] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property absent constitutional or statutory authority); 80-87 (1980) and 79-26 (1979) (municipality has no home rule powers to levy excise or non-ad valorem taxes and exemptions; such taxing power must be authorized by general law).
[9] See, Isern v. City of West Miami, 244 So.2d 420, 422 (Fla. 1971) (municipalities are without inherent power to levy occupational license taxes; rather, this power is provided by statute). And see, Op. Att'y Gen. Fla. 00-01 (2000) (municipality may not exempt a business from its occupational license requirement except as provided in Ch. 205, Fla. Stat.